IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE OF GEORGIA,

        Plaintiff,

v.

WILHY HARPO,

        Defendant.

1:16-cv-4069-WSD

1:16-cv-2955-WSD

**OPINION AND ORDER**

This matter is before the Court on the Defendant Wilhy Harpo's Motions to Appoint Counsel, Motions to Amend Complaint, and Motions for Reconsideration filed in civil action numbers 1:16-cv-2955 ("August Action") and 1:16-cv-4069 ("October Action").

## I.    BACKGROUND

These are the latest in a series of actions filed in this Court by Mr. Harpo. The Court has remanded each previous case for lack of subject matter jurisdiction or dismissed it as frivolous. See, e.g., Order, Broadstone Maple, LLC v. Alexander

Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).[1]

On July 2, 2016, Mr. Harpo was arrested in the Fulton County courthouse and charged with willful obstruction of law enforcement officers by use of threats or violence, in violation of O.C.G.A. § 16-10-24(b), disorderly conduct, in violation of O.C.G.A. § 16-11-39, and criminal trespass, in violation of O.C.G.A. § 16-7-21. (See August Action, [1.2] at 6).

On August 12, 2016, Harpo filed in this Court his "Petition for Removal" [1.1] in the August Action, and, on October 31, 2016, he filed his "Petition for Removal" [1.1] in the October Action. In each petition, Harpo seeks to remove to this Court the state criminal action against him.

On February 3, 2017, the Court issued its Order [5] ("February 3rd Order") remanding these actions for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1455(b)(4). The Court found that removal of the Georgia criminal

---

[1] Because Plaintiff is a frequent filer of frivolous lawsuits, the Court has previously ordered him "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2). It appears Plaintiff has complied with that requirement in filing these actions.

action against Harpo is not permitted, and that the Court lacks any other basis for jurisdiction.

On February 3, 2017, Harpo filed, in these actions and in several others, his Motion to Appoint Counsel, Motion to Amend Complaint, and Motion for Reconsideration. His Motion for Reconsideration appears to seek reconsideration of the Court's orders in other civil actions he filed. See, e.g., Harpo v. Howard, et al., No. 1:16-cv-3876.

## II. DISCUSSION

Pursuant to Local Rule 7.2(E), "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E), NDGa. Rather, such motions are only appropriate when "absolutely necessary" to present: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (internal quotations and citations omitted). Motions for reconsideration are left to the sound discretion of the district court and are to be decided as justice requires. Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1222-23 (N.D. Ga. 2012) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

Harpo does not present any newly discovered evidence, intervening development or change in controlling law, or need to correct a clear error of law or fact. Harpo does not appear to contest that he failed to meet his burden to show that he is being prosecuted for exercising a federally protected civil right to racial equality or that a formal expression of state law has deprived him of a federally protected right to racial equality. Accordingly, removal of the Georgia criminal action against Harpo is not permitted. The Court lacks any other basis for jurisdiction. Harpo's Motion for Reconsideration is denied. Because the Court denies the Motion for Reconsideration, Harpo's Motion to Appoint Counsel and Motion to Amend Complaint are denied as moot.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Wilhy Harpo's Motions for Reconsideration filed in civil action numbers 1:16-cv-2955 and 1:16-cv-4069 are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Appoint Counsel and Motions to Amend Complaint filed in civil action numbers 1:16-cv-2955 and 1:16-cv-4069 are **DENIED AS MOOT**.

**SO ORDERED** this 12th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE